FILED
SUPERIOR COURT
OF GUAM

2020 DEC 30 PM 12: 24

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM ,

                Plaintiff,

                vs.

LANCE SONGSONG MESNGON,
DOB: 09/10/1980

                Defendant.

CRIMINAL CASE NO.: CM0143-19

**DECISION AND ORDER <u>GRANTING</u> DEFENDANT'S MOTION IN LIMINE TO EXCLUDE MENTION OR EVIDENCE OF THE AMOUNT OF ALLEGED LOSS BY SIXT CAR RENTAL**

## I.    INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on December 29, 2020 on Defendant Lance Songsong Mesngon's ("Defendant") Motion in Limine to Exclude Mention or Evidence of The Amount of Alleged Loss by Sixt Car Rental (the "Motion"). Defendant is represented by Alternate Public Defender Brycen Breazeale. Assistant Attorney General Minji Kim represents the People of Guam (the "People"). The People filed its Opposition to Defendant's Motion In Limine to Exclude (the "Opposition") on December 30, 2020. After reviewing the Parties' written briefs and the record on file with the court, the arguments presented therein, and the relevant legal authority, the Court now issues this Decision and Order <u>**GRANTING**</u> Defendant's Motion in Limine for the reasons set forth herein.

## II.    BACKGROUND

Defendant is charged with the offense of Unauthorized Use of a Motor Vehicle as a Misdemeanor. *Magistrate's Complaint* (April 5, 2019). The Defendant asserted his right to a

speedy trial on this matter on June 17, 2020 and jury selection and trial is scheduled to begin on December 30, 2020.

## III. LAW AND ANALYSIS

Under 9 GCA § 43.65, in order for the Defendant to be found guilty of the offense with which he has been charged, the People must prove: (1) That Defendant operated an automobile, and (2) it was *without the consent* of the owner/person authorized to give consent. 9 GCA § 43.65 (emphasis added).

The Defendant has asked the Court to exclude any evidence of the monetary losses to Sixt Car Rental at trial because it is irrelevant under Rule 401 of the Guam Rules of Evidence to establish the elements of Section 43.65. Additionally, Defendant posits that, under the considerations of Rule 403 of the Guam Rules of Evidence, evidence of the amount of damage Sixt Car Rental allegedly suffered could substantially unfairly prejudice the jury against the Defendant while not providing any probative value as to whether he operated the vehicle without consent of the owner.

The People disagree that the probative value of the damages evidence is substantially outweighed by the danger of unfair prejudice to the Defendant and claim that this evidence is necessary to *disprove* Defendant's defenses of Mistake. However, the People fail to relate how the amount of damages suffered *as a consequence* of Defendant's alleged actions might negate a claim of Mistake as a defense to the mental culpability required for the underlying criminal act.[1] As such, the Court rejects the People's argument.

---

[1] As set forth in the Declaration attached to the Magistrate Complaint, at least part of the $7,000 in damages is purportedly for rental and late fees. The People fail to establish in its Opposition how such amounts are relevant to establish guilt for the offense of "Unauthorized Use of a Vehicle – Joyriding."

Because the court finds that evidence of the amount of damages is substantially prejudicial to the Defendant and provides no probative value with regard to the elements of the crime with which Defendant is charged, the Court does not need to address the late disclosure issue in excluding such evidence.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the **Defendant's Motion in Limine to Exclude Mention or Evidence of the Amount of Alleged Loss to Sixt Car Rental.** The People are precluded from eliciting any evidence about or from mentioning any alleged monetary losses to Sixt Car Rental during the trial of this matter.

**SO ORDERED** this 30th day of December 2020.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM